GERMAN CENTENNIAL BUILDING AND LOAN ASSOCIATION OF CAMDEN, NEW JERSEY, complainant; JOHN STETZ, respondent,

*v.*

PAULINE GOOGER et al., defendants-appellants.

[Submitted October term, 1934. Decided January 10th, 1935.]

*Mr. D. Trueman Stackhouse,* for the appellants.

*Mr. Daniel Lichtenthal,* for the respondent.

The opinion of the court was delivered by

HETFIELD, J.

This appeal brings up for review a decree of the court of chancery dismissing a counter-claim filed by the appellants against the respondent. The original suit involved the foreclosure of two mortgages executed by one Katarina Suslowski to the German Centennial Building and Loan Association, of Camden, New Jersey, on property situated in the city of Camden. Several years after these mortgages were placed, Mrs. Suslowski died intestate, and the premises descended to

her five children, who, with their respective husbands and wives, are the present appellants. It appears that the estate of Mrs. Suslowski was in financial difficulties, and one of the heirs, William S. Schloss, who had been appointed administrator, and represented all of the heirs in the negotiations, conferred with one Harry H. Whaland, for the purpose of borrowing additional mortgage money to pay certain liens against the property in question, which included several years' past due taxes. Whaland conducted a real estate and insurance business, and maintained an office in a building owned by Schloss. They were formerly business associates, and had known each other for a period of about eighteen years. Schloss instructed Whaland to obtain, if possible, a first mortgage loan on the premises of $5,000, which was the approximate amount needed to pay the building and loan association mortgages and other liens against the property. Whaland procured the loan from one John Stetz, the respondent, who was unknown to him prior to this time, a meeting to discuss the matter having been arranged by Samuel Amenda, an employe of Whaland. Whaland prepared the necessary' papers and handed them to Schloss, who attended to the execution of same, and returned them. The transaction was closed at Whaland's office, in the presence of Whaland, Stetz and Schloss. Stetz at that time delivered $300 in cash, and a bank treasurer's check for $4,700, payable to his order, which he had duly endorsed. Schloss permitted Whaland to retain the proceeds of the loan, so that he might pay the different charges against the property, including the two mortgages held by the building and loan association. He afterward submitted a statement to Schloss which indicated that the liens and expenses exceeded the amount received from the mortgage loan by $37.32, and Schloss paid this balance to Whaland. It appears that Whaland paid all the charges against the property, with the exception of the building and loan mortgages, upon which there was then due the sum of $3,243.45, which amount he misappropriated to his own use. The record shows that Whaland subsequently pleaded guilty to an indictment which charged him with

embezzling the money from Schloss. It is apparent that the appellants were ignorant of the fact that Whaland had failed to pay off the building and loan association's mortgages, until after the foreclosure proceedings were instituted. They then filed the counter-claim in question against Stetz, which alleged, in substance, that Whaland was acting as the agent of Stetz, and not for the appellants, and prayed that they be allowed a credit against the mortgage held by Stetz to the amount which Whaland, as agent for Stetz, should have paid to the building and loan association. The property was thereafter sold at sheriff's sale, and was purchased by the respondent, John Stetz, for the sum of $6,800. After deducting $4,011.71, the amount due the complainant on its decree, there remained $2,788.69, which was deposited in court. There was due on Stetz's mortgage the sum of $5,000, together with interest.

The sole question presented to the ocurt of chancery, for its consideration, was that of agency, and the court had to determine from the proofs submitted, whether Whaland represented the appellants or the respondent when he defaulted in the transaction. The late Vice-Chancellor Leaming, who heard the case, and had a better opportunity to judge the witnesses' credibility than this court, concluded, and we think properly so, that Whaland held the proceeds of the loan as Schloss' agent, and that any loss sustained by reason of Whaland's defalcation, must be borne by the appellants.

There was ample proof to justify a finding that Stetz had no knowledge of the prior mortgages, and that he believed his mortgage to be a first lien, having been so informed by both Schloss and Whaland. This being so, he would have no occasion to delegate an agent to pay these liens.

There can be no question but that Schloss employed Whaland to procure the mortgage loan upon the appellants' property, and paid him a commission of three per cent. Schloss was present when the money and check were delivered by Stetz. He knew there were prior liens to be discharged with the money on hand, and instead of making arrangements to do this himself, or having it done in his presence, he per-

mitted Whaland to retain the money for that purpose. It is conceded that Stetz's mortgage was to be a first lien, and therefore it was clearly the duty of Schloss to see that the prior liens were paid out of the proceeds of the loan, and when he consented to Whaland's retention thereof, for that purpose, it amounted to an implied, if not an express, delegation of authority to Whaland to do that which he should have done. We conclude, therefore, that the appellants must bear the loss entailed by their agent's dishonesty.

The decree appealed from will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 13.

*For reversal*—None.